UNITED STATES DISTRICT COURT            SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| IN RE: DAVID WIMBERLY | § § § § § § | CIVIL ACTION H-06-4098 |
| Debtor. | | ADVERSARY 06-3280 |

# Opinion on Appeal

1.  *Introduction.*

    A man's final divorce decree awarded him his house subject to his obligation under the mortgage company's note and lien. He failed to perform under the note and filed for bankruptcy. He now seeks a judgment that the lien on his house is void because he did not execute the initial documents. The divorce decree is a final judgement that precludes further litigation on the validity of the lien.

2.  *Background.*

    In 2001, David Wimberly and his wife, Clara L. Gutierrez, lived in a house in Sugar Land, Texas. In July of 2001, Gutierrez – without Wimberly – executed a "Texas Home Equity Adjustable Rate Note," a "Texas Home Equity Security Instrument," and a "Texas Home Equity Affidavit and Agreement" on the property.

    In September of 2001, Gutierrez sued for divorce in Fort Bend County, Texas.

    Ameriquest Mortgage Co. intervened in the divorce case, saying that it had a valid lien on the property. It said that Wimberly's name was intentionally kept off the deed when the house was refinanced.

    In August of 2002, Ameriquest offered to settle with Wimberly and Gutierrez. Ameriquest would pay $35,000 to Wimberly in exchange for his acknowledging its lien. The agreement also had Wimberly waive all defenses to the lien, including those that may arise under the Texas Constitution. The agreement was signed by divorce counsel for Wimberly and filed in the divorce proceeding in August of 2002.

    On September 3, 2002, the court entered its final decree – as it had been approved by Wimberly's divorce counsel. The decree awarded the house to Wimberly subject to

Ameriquest's note and lien. The decree also said that if Wimberly failed to perform under the note, Ameriquest could foreclose.

In 2005, Wimberly filed for bankruptcy. He seeks a judgment that Ameriquest's lien is void because he did not execute the initial documents creating it.

Ameriquest seeks summary judgment that the letter of August 16, 2002 and the divorce decree precluded the issue and the cause of action asserted by Wimberly.

In September of 2006, Wimberly filed a petition for a bill of review in the divorce court, seeking relief from the divorce decree's provisions. That petition remains pending.

3.  *Preclusion.*

Claim preclusion prevents re-litigation of claims that have been finally adjudicated or that arise out of the same matter and could have been litigated in the prior action. *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex. 1992).

The elements of claim preclusion are an existing final judgment on the merits by a court of competent jurisdiction; an identity of parties or those in privity with them; and a second action based on the same claims that were raised or could have been raised in the first action. *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996).

Issue preclusion prevents a party from re-litigating a particular fact issue the party has already litigated and lost in an earlier suit. *Quinney Elec., Inc. v. Kondos Entertainment, Inc.*, 988 S.W.2d 212, 213 (Tex. 1999).

A party seeking to establish issue preclusion must establish that (a) the facts sought to be litigated in the second action were fully and fairly litigated in the first action, (b) those facts were essential to the judgment in the first action, and (c) the parties were cast as adversaries in the first action. *Sysco Food Serv., Inc. v. Trapnell*, 890 S.W.2d 796, 801 (Tex. 1994).

Wimberly's divorce decree is a final judgment on the merits by a court of competent jurisdiction. The parties are identical; Wimberly has obtained Gutierrez's interest in the property through the divorce decree and Ameriquest intervened in the divorce action. The claims about Wimberly's liability on the note and the validity of the

lien were raised in the divorce action.  The principles of claim preclusion bar re-litigation of the validity of the Ameriquest lien.

With respect to issue preclusion, the parties reached agreement on the facts, and signed the form of the divorce decree.  The facts were essential to the judgment, in that they formed the basis for the award of the property to Wimberly.  The parties were cast as adversaries, as a result of Ameriquest's intervention.

Wimberly argues that Texas law prevents a lender from asserting equitable subrogation when it fails to comply with all the statutory requirements for execution of a loan on a homestead.  *Lasalle Bank v. White*, 217 S.W.3d 573, 578 (Tex. App.–San Antonio 2006).  The theory does not apply in this case because claim preclusion is a legal doctrine that prevents relitigation of a decided matter.  *See* Copeland v. Merrill Lynch &Co., 47 F.3d 1415, 1423 (5th Cir. 1995).

Wimberly argues that the court should not consider this case until the petition for bill of review has been determined.  A bill of review is an independent, equitable action brought by a party to a former action seeking to set aside a judgment no longer appealable or subject to motion for new trial.  To succeed by bill of review, the petitioner must ordinarily establish three elements: (a) a meritorious claim or defense; (b) that he was prevented from asserting by the fraud, accident, or wrongful act of his opponent or a court official in the exercise of official duties; and (c) unmixed with his own fault. *Caldwell v. Barnes*, 975 S.W.2d 535 (Tex. 1998).

In the petition for bill of review filed in the divorce court, Wimberly argues that, at the time the divorce was filed, home equity loans were very new in Texas, and that very few divorce attorneys would have been familiar with determining their validity. Wimberly claims that he executed the agreement and approved the language of the divorce decree under duress.  This argument presents a wholly unmeritorious claim, and does not assert that Wimberly was prevented in any way from asserting his claim.  His objective is eroded by his having received $35,000 from Ameriquest as part of the settlement agreement.  The court finds no grounds for abatement pending the spurious, petition for bill of review.

5. *Conclusion.*

The settlement in the divorce decree was a final judgment precluding further litigation. Ameriquest's lien on the house is valid.

Signed on August 31, 2007, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge